UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDY TURNER LEWIS,

       Appellant,                    CASE NO. 06-CV-15510

-vs-

                                      PAUL D. BORMAN
                                      UNITED STATES DISTRICT JUDGE

THOMAS R. MORRIS, et al.,

       Appellees.
_____/

## OPINION AND ORDER AFFIRMING THE BANKRUPTCY COURT'S ORDER DENYING SANCTIONS

Now before the Court is an appeal from the Bankruptcy Court's December 6, 2006 Order denying a Motion for Sanctions. The Court held a motion hearing on September 19, 2007. Having considered the entire record, and for the reasons that follow, the Court AFFIRMS the Bankruptcy Court's Order denying Appellant's Motion for Sanctions against Appellees Thomas R. Morris and Silverman & Morris, P.L.L.C.

**I.     BACKGROUND**

The appeal arises out of an order denying Appellant's Motion for Sanctions under Fed. R. Bankr. P. 9011.[1] James Szekeres ("Debtor") filed his Voluntary Chapter 7 petition on February 7, 2006. (Appellee's Br. 1). On May 10, 2006, the Bankruptcy Court granted Appellant Wendy Turner Lewis' ("Trustee") application to employ Thomas J. Budzynski as an attorney. (*Id*.). An

---

[1] It is noted that Appellant relies upon her Motion for Order Compelling the Debtor to Cooperate to set forth the detailed facts of the case, however, this is not the Order from which the Appellant appeals. (*See* Doc. No. 1, Notice of Appeal).

Order discharging the Debtor was filed on May 16, 2006.[2] (*Id.*). On May 30, 2006, the Trustee objected to all of Debtor's exemptions. (*Id.* at 2). On June 22, 2006, the Trustee subsequently filed a Motion for Order to Compel Debtor to Cooperate with Trustee which resulted in three hearings and the deposition of the Debtor. (*Id.*).

The Appellant filed her Motion for Order Awarding Sanctions was filed on November 6, 2006. On November 8, 2006, Appellees Thomas Morris and Silverman & Morris, P.L.L.C., filed a response to the Motion. (*Id.*). The Bankruptcy Court denied Appellant's Motion for Sanctions on December 6, 2006, stating:

> [t]he record establishes some mistakes and inaccuracies in the schedules and statement of financial affairs and that greater care should have been taken in preparing these papers. Nevertheless, the Court concludes that these mistakes and inaccuracies do not establish a failure to perform a reasonable investigation and are not so serious or extensive that sanctions are warranted under Rule 9011 . . . .

(Appellant Br. Ex. 5, Order Denying Motion for Sanctions).[3]

## II.  ANALYSIS

### A.  Standard of Review

Pursuant to 28 U.S.C. § 158, a district court has jurisdiction over appeals from the bankruptcy court in the same district. A reviewing court will not set aside a bankruptcy court's factual findings under they are clearly erroneous, and its conclusions of law are reviewed *de novo*.

---

[2] This discharge was ordered set aside and reentered on September 11, 2006, for the reason that the certification of financial management course had not been filed until May 24, 2006. (Appellee's Br. 1).

[3] The Court went on to conclude that it was not necessary to determine the "other issues" raised by Appellant's motion including: "whether it should be construed to seek sanctions against the debtor; whether the 21 day "safe harbor" provision of Rule 9011(c)(1)(A) applies to schedules; and whether an attorney may be sanctioned under Rule 9011 for misstatements in the schedules or statement of financial affairs." (*Id.*)

*In re Laguna Assocs. Ltd. Partnership*, 30 F.3d 734, 737 (6th Cir. 1994). An award or denial of sanctions is reviewed under the abuse of discretion standard. *See Hartleip v. McNeilab, Inc.*, 83 F.3d 767, 778 (6th Cir. 1996). A court abuses its discretion when the court's (1) decision is based on an erroneous conclusion of law; (2) the court's findings are clearly erroneous; or (3) decision is unreasonable, arbitrary, or fanciful. *In re M.T.G., Inc.*, 298 B.R. 310, 317 (E.D. Mich. 2003).

B.  **Discussion**

Appellant appeals the Bankruptcy Court's denial of her Motion for an Order Awarding Sanctions against Appellees, Debtor's attorney Thomas Morris, and the firm Silverman & Morris, P.L.L.C.[4] Appellant filed her appeal seeking sanctions pursuant to Rule 9011, 28 U.S.C. § 1927, and 11 U.S.C. 105.[5] (Appellant's Br. 1). However, Rule 9011 was the basis for the Bankruptcy Court's denial of the Motion, and the only basis cited in the Appellant's original motion. (*See* Appellant Br. Ex. 4). During oral argument before the Bankruptcy Court, Appellant raised the

---

[4] Although Appellant appears to also seek sanctions against the Debtor, Appellant's Notice of Appeal only names Thomas Morris and his firm. (*See* Doc. No. 1). Further, Appellant's original Motion also failed to request sanctions against the Debtor. (Appellant Br. Ex. 5.)

[5] Pursuant to 28 U.S.C. § 1927:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Under 11 U.S.C. § 105, the Bankruptcy Court has the inherent power to issue orders which may be necessary or appropriate to carry out the provisions of the Bankruptcy Code. *See Knowles Bldg. Co. v. Zinni*, 261 B.R.196, 203 (6th Cir. 2001) (stating "federal courts, including the bankruptcy court, have the inherent power to impose sanctions on a scope broader than that of Bankruptcy Rule 9011, including monetary sanction[.]").

3

possibility of sanctions that could be awarded pursuant to 28 U.S.C. § 1927 and/or 11 U.S.C. § 105. (*See* Appellant Br. Ex. 12, Dec. 4, 2006 Tr. at 4). Appellant did not support these possibilities with any legal argument or substance and Appellees objected to the "alternative motions" and proceeded to only address the Motion pursuant to Rule 9011. (*Id*. at 7). The Sixth Circuit has repeatedly held that where a party raises an argument for the first time on appeal, it will not consider those arguments "unless [the] failure to consider the issue will result in a plain miscarriage of justice." *United States v. Ninety-Three Firearms*, 330 F.3d 414, 424 (6th Cir. 2003); *see In re Regal Cinemas, Inc*., 213 Fed. Appx. 369, 376 (6th Cir. Nov. 29, 2006) (unpublished) (finding that where party failed to raise an issue before the bankruptcy court, that argument is properly disregarded).

In the present case, Appellant attempted to raise these arguments during oral argument but succeeded only in citing the statutes as possible authority for the Bankruptcy Court to award sanctions. (Appellant Br. Ex. 12, Tr. at 4). The Bankruptcy Court appears to only have considered the Motion under Rule 9011. Appellant has also failed to show (or argue) that alternative theories for sanctions were properly before the Bankruptcy Court. Further, Appellant does not articulate any argument, in her Appellate Brief or in the underlying record, to support her claim that sanctions should be awarded under alternate theories. Therefore, this Court disregards the alternative arguments for sanctions under 28 U.S.C. § 1927 and/or 11 U.S.C. § 105. Further, even assuming *arguendo* these alternative theories for awarding sanctions could apply, such arguments lack of merit for the same reasons discussed *infra*.

Appellant seeks to overturn the Bankruptcy Court's denial of her Motion for Sanctions pursuant to Rule 9011. Rule 9011(b) sets forth in pertinent part:

The signature of an attorney or a party constitutes a certificate that the attorney or

4

> party has constitutes a certificate that the attorney or party as read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose . . . .

*Big Rapids Mall Ass'n. v. Mutual Trust Life Ins. Co*., 98 F.3d 926, 930 (6th Cir. 1996) (citing FED. R. BANKR. P. 9011(b)). Rule 9011(c) allows the Bankruptcy Court to award sanctions for violations of subsection (b). FED. R. BANKR. P. 9011(c). This Rule "substantially tracks Federal Rule of Civil Procedure 11 before its 1993 amendment." *Big Rapids*, 98 F.3d at 930. The Sixth Circuit has held in the bankruptcy context that "the test for Rule 11 sanctions is whether the individual attorney's conduct was reasonable under the circumstances . . . [and] the district court [is given] wide discretion to determine whether the conduct of plaintiff's counsel was reasonable." *Id*. (internal citations omitted). "If the [bankruptcy] court finds that the alleged misconduct was not reasonable, the court must impose sanctions." *Paren v. Noneman*, 158 B.R. 447, 451 (N.D. Ohio 1993) (quoting *Mihalik v. Pro Arts, Inc*., 851 F.2d 790, 792-93 (6th Cir. 1988)).

In the present case, Appellant sets forth in her original Motion for Sanctions that Appellees violated Rule 9011(b) by failing to conduct a reasonable investigation evidenced by failing to disclose spousal income, certain tax refunds, an ATV trailer purchase, a joint bank account, and the use of an accountant among other things. (Appellant Br. Ex. 4, Motion for Order Awarding Sanctions, at 6-8). Appellees discussed the alleged inconsistencies and failures during oral argument before the Bankruptcy Court, explaining most as mistakes and dramatic misrepresentation by Appellant with no evidence of bad faith. (Appellant Br. Ex. 12, Tr. at 18-22, 25-29). After Hearing argument, the Bankruptcy Court held that although "some mistakes" had been made, those mistakes did not warrant sanctions for the reason that they did not "establish a failure to perform a reasonable

5

investigation." (Appellant Br. Ex. 5, Order Denying Motion for Sanctions).

Appellant now sets forth four statements which support the award of sanctions.[6] However, these statements are merely conclusory. Appellant has alleged no new facts, no error in law or logic that the Bankruptcy Court committed by denying her Motion. Further, Appellant's argument that certain credit card statements were not in Appellees' file on July 5, 2006, cannot support a finding that Appellees had an improper purpose for filing and failed to perform a reasonable investigation. (Appellant Br. 4). This one fact is not buttressed with any case law or rules which dictate that failure to have this information evidences sanctionable conduct.

The Bankruptcy Court did not abuse its discretion in denying Appellant's Motion. In sum, Appellant has submitted to this Court a brief which relies upon a lone case, *Big Rapids*, that does not support her position. Appellant has failed to show or argue there is any true deficiency with the Bankruptcy Court's Order denying her Motion for Sanctions – besides Appellant's obvious wish for a different outcome.

The Court finds this Appeal to be frivolous and a waste of the Court's time and of the Trustee's resources. As a result, the Court recommends that Appellant's counsel, Thomas Budzynski, should not be paid for his time in preparing, filing, or arguing this frivolous appeal from the Trustee's resources.

---

[6] Although Appellant states in her Appeal "the petition and schedules were prepared in a fashion calculated to achieve an improper purpose," her original motion only alleged the schedules were improper. (Appellant Br. at 4; *see also* Ex. 4 & Ex. 12, Tr. 5, 7).

## III. CONCLUSION

For these reasons, the Court **AFFIRMS** the Bankruptcy Court's Order.

**SO ORDERED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: September 28, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 28, 2007.

s/Denise Goodine
Case Manager